## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JIMMY PEREZ OLIVO                          *
                                           *
            Plaintiff                      *        Civil No. 98-1418(SEC)
                                           *
            v.                             *
                                           *
SALIXTO MEDINA MALAVE, et al.              *
                                           *
            Defendants                     *
***********************************

### OPINION AND ORDER

Pending before the Court is the Magistrate Judge's report and recommendation (**Docket # 12**) regarding plaintiff's amended complaint (**Docket # 10**), which was duly opposed (**Docket # 16**). Upon *de novo* review, we decline to adopt the Magistrate Judge's report and recommendation of dismissal. However, although for slightly different reasons,[1] we also find that plaintiff's complaint should be dismissed.

**Background**

Plaintiff was convicted on June 18, 1996, pursuant to his plea of guilty to one count of aiding and abetting in the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and another count of and aiding and abetting in the carrying of a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (**Crim. No. 96-044, Dockets # 53 and # 142**). He was sentenced on November 14, 1996 (**Dockets # 93, # 94 and # 141**). While plaintiff did not appeal from his judgment of conviction and sentence, he filed a petition for a writ of habeas

---

[1] The Magistrate Judge primarily supported his recommendation of dismissal on the frivolous nature of plaintiff's complaint. We think, however, that although plaintiff's allegations may indeed lack merit, the complaint should be dismissed strictly on jurisdictional grounds.

<u>Civil No. 98-1418(SEC)</u>                                                                                          2

corpus pursuant to 28 U.S.C. § 2255, challenging, among other things, the effectiveness of the

assistance rendered by both his pre-sentencing phase and sentencing phase counsel, attorneys Salixto

Medina and Yolanda Collazo, respectively (**Civil No. 97-2068, Dockets # 1 and # 11**). Plaintiff's

petition was summarily dismissed in its entirety on February 12, 1998 (**Civil No. 97-2068, Dockets

# 29 and # 30**).

Upon reconsideration, however, we vacated our judgment of dismissal and referred plaintiff's

petition to a United States Magistrate Judge, for purposes of "hold[ing] an evidentiary hearing

limited to the question of whether petitioner instructed counsel [Collazo] to file an appeal" (**Civil

No. 97-2068, Docket # 39, at 2**). We further instructed the Magistrate Judge to make findings and

recommendations to the Court on this matter. **Id**. An evidentiary hearing on petitioner's claim was

held before the Magistrate Judge on July 17, 1998, and on July 28, 1998, he issued his report and

recommendation (**Civil No. 97-2068, Docket # 62**). On August 30, 1999, upon *de novo* review and

after accepting in part and rejecting in part the Magistrate Judge's report and recommendation, we

dismissed plaintiff's habeas petition, thereby reinstating our previous judgment of dismissal (**Civil

No. 97-2068, Dockets # 71 and # 72**).

Parallel to his § 2255 petition, on April 21, 1998, plaintiff filed the instant action seeking

damages against attorney Medina, his wife and their conjugal partnership, and Medina's insurance

carrier (**Docket # 2**). On June 30, 1998, we referred plaintiff's complaint to a Magistrate Judge for

report and recommendation (**Docket # 7**). Plaintiff subsequently filed an amended complaint in

which he additionally named as defendants attorney Collazo, Antonio Bazán, the Assistant United

States Attorney who prosecuted his criminal case (hereinafter "AUSA Bazán"), and Rafael Gelpí,

the U.S. Pretrial Services Officer assigned to his case (hereinafter "USPTO Gelpí") (**Docket # 10**).

Civil No. 98-1418(SEC)                                                                                          3

On January 27, 1999, the Magistrate Judge issued the report and recommendation now before the

Court (**Docket # 12**).

    In his amended complaint, which is almost a reiteration of the issues raised in his § 2255

petition, plaintiff essentially claims that he was convicted in violation of his constitutional rights

through the combined actions of defendants. He alleges that attorneys Medina and Collazo, "through

their unprofessional and negligent acts and omissions, rendered deficient legal representation . . .,

which was the direct and proximate cause of . . . [his] illegal federal criminal conviction, and ten-

year federal prison sentence . . ." (**Docket # 10, at 7**). Plaintiff also avers that attorney Collazo "did

not follow her principal responsibility to serve the individual interest[s] of her client and thereby

joined Atty. Medina and Atty. Bazán in their efforts and attempts to violate" his rights. **Id. at ¶ 36.**

    AUSA Bazán's participation in the deprivation of plaintiff's constitutional rights is described

in the complaint as having "announced . . . [during the Fed. R. Crim. P. 5(a) proceedings (initial

appearance before a Magistrate Judge)] that . . . attorney Medina had an interest in [plaintiff's

criminal] case." **Id. at ¶ 9.** Moreover, plaintiff avers that at the change of plea hearing, he

recognized the prosecutor as AUSA Bazán. **Id. at ¶ 16.** From these facts, plaintiff concludes that

there was a "meeting of the minds" between attorney Medina and AUSA Bazán to deprive him of

his constitutional rights. **Id. at ¶¶ 33, 35.** Moreover, plaintiff charges that AUSA Bazán engaged

in prosecutorial misconduct by intervening in the initial appearance and announcing attorney

Medina's interest in his case. According to plaintiff, in so acting, AUSA Bazán "acted as an agent

or runner for Atty. Medina's solicitation of legal employment and the 'flow-from' his actions were

highly prejudicial which developed into a gross or manifest injustice . . . ." **Id. at ¶ 34.**

AO 72A
(Rev.8/82)

Finally, plaintiff claims that USPTO Gelpí made him pay for his electronic bracelet during his pretrial release, **id. ¶ 14**, and failed to inform the Court about the complaints he had against attorney Medina. **Id. at ¶¶ 19, 41**. Plaintiff seeks monetary damages against all defendants.

**Applicable Law/Analysis**

As it is well known, a person may bring a tort action against a federal government official in his or her individual capacity arising out of a constitutional violation. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Day v. Massachusetts Air National Guard, 167 F.3d 678, 682 (1st Cir. 1999).

In Heck v. Humphrey, 512 U.S. 477 (1994), however, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

Id. at 486-87. Although Heck was a § 1983 case, the First Circuit in Abella v. Rubino, 63 F.3d 1063 (1st Cir. 1995), held that, since "suits under § 1983 and Bivens are very similar," the Heck rule applies to Bivens damages claims. Id. at 1065, accord, Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994).

In this case, plaintiff's habeas petition was dismissed.[2] Accordingly, as plaintiff is unable to comply at this stage with the threshold requirement established in Heck, his complaint fails to state a claim under Bivens and therefore should be, and is hereby, dismissed pursuant to Fed. R. Civ.

---

[2] We note that plaintiff has filed a notice of appeal from the dismissal of his § 2255 petition (**Civil No. 97-2068, Dockets # 73 and # 74**).

P. 12(b)(6).[3]  See also Figueroa v. Rivera, 147 F.2d 77, 80 (1st Cir. 1998).  Furthermore, plaintiff's

conclusory allegations of concert between all defendants are insufficient to convert his claims against

his former attorneys into a federal action for purposes of Bivens.  See Page v. Sharpe, 487 F.2d 567,

570 (1st Cir. 1973).

Plaintiff's malpractice and negligence claims against his former attorneys should be, and are

also hereby, dismissed on jurisdictional grounds.  In Stifel v. Hopkins, 477 F.2d 1116, 1123 (6th Cir.

1973), the Sixth Circuit held that although a prisoner's domicile before he was imprisoned is

presumed to remain his domicile during his incarceration, this presumption is subject to rebuttal for

purposes of establishing diversity jurisdiction.  Other Circuits have also adopted this view.  See, e.g.,

Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991); Jones v. Hadican, 552 F. 2d 249, 250 (8th

Cir. 1977).  See also Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 702 (1st Cir. 1979)

(applying Stifel's more general principle that the fact that a person is forced or compelled to relocate

within a particular jurisdiction does not prevent him/her from becoming domiciled therein);

Rodríguez-Díaz v. Siena-Martínez, 853 F.2d 1027, 1033 (1st Cir. 1988) (similar).

In this case, plaintiff was domiciled in Puerto Rico prior to imprisonment.  Thereafter, he was

committed to the Federal Correctional Institution at Yazoo City in Mississippi, from where he filed

the original complaint.  However, he was subsequently transferred back to Puerto Rico, where he is

currently confined at the Metropolitan Detention Center in Guaynabo.  Under these circumstances,

it can be fairly assumed that plaintiff never became domiciled in Mississippi for purposes of

---

[3] We note that plaintiff's claims against AUSA Bazán may also be subject to dismissal under
the absolute immunity doctrine.  See Schrob v. Catterson, 948 F. 2d 1402, 1408 (3rd Cir. 1991)
(holding absolute immunity principles developed in § 1983 caselaw applicable to actions under
Bivens).

establishing diversity jurisdiction. Alternatively, plaintiff has failed to rebut the presumption of

retention of domicile, thereby failing to properly establish diversity jurisdiction. Therefore, his

malpractice and negligence claims against his former attorneys should be, and are hereby, dismissed.

Finally, we note that plaintiff's contention that USPTO Gelpí failed to relay to the Court his

alleged complaints about attorney Medina is contradicted by the record both in plaintiff's criminal

case and habeas petition. At his change of plea hearing, plaintiff had ample opportunity to address

the Court regarding attorney Medina's representation. Contrary to his present contention, plaintiff

there expressed that he was satisfied with defense counsel's representation.[4] **(Criminal No. 99-44,**

**Docket # 142, at 6; Civil No. 97-2068, Docket # 71, at 5)**. Moreover, as the Magistrate Judge noted

in his report and recommendation regarding his habeas petition: "A verification of the Pretrial

Service[s] record of . . . [petitioner] fail[ed] to reveal any annotation to this effect" **(Civil No. 97-**

**2068, Docket # 71, at 11 n.5)**.

Accordingly, we decline to adopt the Magistrate Judge's report and recommendation, and for

the foregoing reasons hereby **ORDER** that the above-captioned action be **DISMISSED**. Judgment

shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 1999.

SALVADOR E. CASELLAS
United States District Court Judge

---

[4] Petitioner was represented at the change of plea hearing by attorney Salixto Medina. After the latter withdrew, attorney Yolanda A. Collazo was appointed to represent him for the sentencing phase.