# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JIMMY PEREZ OLIVO     *
          *
Plaintiff         *    **Civil No. 98-1418(SEC)**
          *
v.           *
          *
SALIXTO MEDINA, et al.    *
          *
Defendants       *
***************************** *

## ORDER

Pending is "Plaintiff's Reaction to Opinion and Order of September 30, 1999 for the Record," (**Docket # 18**) which could be construed as a motion under Fed. R. Civ. P. 59(e) for reconsideration of our judgment of dismissal of the complaint (**Docket # 17**). So construed, plaintiff's motion is untimely, since it was filed more than ten days after entry of the judgment. See Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). However, because plaintiff's contentions could also be construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6), we shall briefly address them.

At the outset we make clear that, contrary to his suggestion, plaintiff's *pro se* status had no bearing in our decision to dismiss the complaint. (**Dockets # 16 and # 17**). Moreover, while we did not expressly state it in our opinion and order, we did

**Civil No. 98-1418(SEC)**                                                                                                  2

construe plaintiff's allegations liberally and took them as averred in the complaint.

Now, in essence, plaintiff argues (1) that he was never served with a copy of the defendants' "opposition to the complaint;" (2) that the Court did not notify him of its "intention" to dismiss the complaint so that he could file a "memorandum" opposing such course of action; (3) that he was prejudiced by the Court's failure to appoint him counsel; and (4) that the Court should have addressed his claims on the merits, rather than dismissing the complaint on jurisdictional grounds.

First, as the record clearly shows, the defendants never filed an "opposition to the complaint" in this case. Therefore, plaintiff's contention that he was never served with a copy of it is simply a misstatement of fact. Second, a district court is under no obligation to forewarn a plaintiff that his complaint is about to be dismissed on jurisdictional grounds. Third, plaintiff was not appointed counsel (**Dockets # 4 and # 13**), because his case did not meet the standard warranting such appointment; it did not present any "exceptional circumstances" which in the absence of counsel would "likely . . . result in fundamental unfairness impinging on . . . due process rights." Des Rosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Plaintiff's case still does not meet this standard. Accordingly, his instant request for appointment of counsel should be, and is hereby, denied. Finally, plaintiff's contention that the Court should have addressed his claims on the merits rather than dismissing the complaint on

AO 72A
(Rev. 8/82)

<u>Civil No. 98-1418(SEC)</u>                                                                          3

jurisdictional grounds is incorrect. "Without jurisdiction the court cannot proceed at

all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist,

the only function remaining to the court is that of announcing the fact and dismissing

the cause." <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 (1998)

(quoting <u>Ex parte McCardle</u>, 7 Wall. 506, 514 (1868)). Accordingly, plaintiff's

motion (**Docket # 18**) is hereby **DENIED**. Furthermore, plaintiff's "Motion for

Production of Documents for Appeal Purposes" (**Docket # 20**) is hereby **GRANTED**.

The Clerk of the Court shall forward plaintiff the requested copies.

**SO ORDERED.**

In San Juan, Puerto Rico, this ___15TH___ day of November, 1999.

SALVADOR E. CASELLAS
United States District Judge

cc: Sotolongo